IN THE UNITED STATES COURT OF APPEALS
                          FOR THE FIFTH CIRCUIT

                          _____

                              No. 00-11206
                          Conference Calendar
                          _____


RODNEY WAYNE FERRELL,

                                              Plaintiff-Appellant,

versus

WILLIAM R. BARR, Public Defender;
COUNTY OF DALLAS; MOLLY MEREDITH FRANCIS,
Judge 283rd District Court Dallas County,

                                              Defendants-Appellees.

                        --------------------
              Appeal from the United States District Court
                   for the Northern District of Texas
                         USDC No. 3:00-CV-1676
                        --------------------
                            April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Rodney Wayne Ferrell, Texas inmate #809975, appeals from the

dismissal of his civil rights action as frivolous and moves this

court to appoint counsel.  He contends that the presiding judge

at his probation-revocation hearing and his court-appointed

attorney conspired to deprive him of his right to counsel when

appellate counsel was not appointed until after the deadline for

filing a motion for new trial, requiring him to file a pro se

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

notice of appeal, and resulting in a dismissal of the appeal for lack of jurisdiction.

Ferrell's action is barred by Heck v. Humphrey, 512 U.S. 477 (1994) because it implicates the validity of his probation revocation, and he has not shown that his probation revocation, conviction, or sentence has been overturned or otherwise invalidated by an authorized tribunal or executive body.

Heck notwithstanding, the district court did not abuse its discretion in dismissing Ferrell's complaint on the merits. Ferrell's claim against Judge Francis fails because judges are absolutely immune from damages for acts performed in the exercise of their judicial functions. Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996). Ferrell has also failed to state a cognizable constitutional claim against Attorney Barr. A defense attorney does not act "under color of state law" for 42 U.S.C. § 1983 purposes when he performs a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Ferrell's claim against Dallas County was properly dismissed because he failed to allege sufficient facts establishing that Dallas County had a custom, policy, or practice which caused him to be subjected to a constitutional deprivation. See Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115 (1992). Ferrell's Motion to Appoint Counsel is denied.

AFFIRMED; MOTION TO APPOINT COUNSEL DENIED.